UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUINCY VALENTINO HAWKINS,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondent.

No. C12-6020 RBL/KLS

**REPORT AND RECOMMENDATION**
Noted for:  March 15, 2013

Petitioner has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. ECF Nos. 1 and 7. Because Petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the Court deny the application.

**DISCUSSION**

A district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

REPORT AND RECOMMENDATION - 1

By requesting the Court to proceed *in forma pauperis*, Petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for habeas corpus.  Petitioner's application reflects that as of December 24, 2012, he had the sum of $66.29 to his credit at the Airway Heights Correction Center (AHCC) and that his average balance was $6.39.  ECF No. 7, p. 1.  The undersigned recognizes that the funds to which Petitioner has access may not be great.  However, given the fact that a prisoner's basic needs are provided for while he is incarcerated and the minimal filing fee required to proceed with this action is $5.00, it is not unreasonable to expect Petitioner to pay that fee from those funds.

Under separate Order, Petitioner is being ordered to show cause why his petition should not be dismissed for failure to exhaust his state court remedies.

## CONCLUSION

Because Petitioner appears to have sufficient funds to pay the filing fee, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Petitioner shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **March 15, 2013**, as noted in the caption.

**DATED** this 25th day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2