UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUINCY VALENTINO HAWKINS,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　　　　Respondent. | No. C12-6020 RBL/KLS<br><br>ORDER TO SHOW CAUSE |

Petitioner Quincy Valentino Hawkins filed a petition for writ of habeas corpus in the Eastern District of Washington, which has been transferred to this district. ECF No. 1. Mr. Hawkins challenges his July 2008 convictions for murder in the second degree, assault in the second degree while armed with a firearm, and unlawful possession of a firearm in the first degree. *Id.* According to the petition, Mr. Hawkins appealed and the Washington Court of Appeals affirmed the convictions on September 29, 2009. ECF No. 1, p. 2. On April 26, 2010, the Washington Supreme Court denied his petition for review. *Id.* On February 3, 2011, Mr. Hawkins filed a personal restraint petition. *Id.* That petition remains pending in the Washington Court of Appeals Division II. *Id.* It therefore appears that Mr. Hawkins is still pursuing relief from the state courts.

Mr. Hawkins may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all

ORDER TO SHOW CAUSE  - 1

claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

In addition, Mr. Hawkins has not named the proper respondent. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to his petition, Mr. Hawkins is currently confined at the Airway Heights Corrections Center (AHCC). The Superintendent of AHCC is Maggie Miller-Stout.

Accordingly, the Court shall not serve the petition. Mr. Hawkins shall file **no later than March 22, 2013,** an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court or show cause why this matter should not be dismissed.

The Clerk shall send a copy of this Order to Mr. Hawkins along with the Court's form petition for 28 U.S.C. § 2254 petitions.

**DATED** this  25th  day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE  - 2