UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUINCY VALENTINO HAWKINS,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　　　　　Respondent. | No. C12-6020 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  April 19, 2013** |

Petitioner Quincy Valentino Hawkins filed a petition for writ of habeas corpus in the Eastern District of Washington, which has been transferred to this district. ECF No. 1. The undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state judicial remedies.

## BACKGROUND

Mr. Hawkins challenges his July 2008 convictions for murder in the second degree, assault in the second degree while armed with a firearm, and unlawful possession of a firearm in the first degree. ECF No. 1. According to his petition, Mr. Hawkins appealed and the Washington Court of Appeals affirmed the convictions on September 29, 2009. *Id.*, p. 2. On April 26, 2010, the Washington Supreme Court denied his petition for review. *Id.* On February 3, 2011, Mr. Hawkins filed a personal restraint petition. *Id.* That petition remains pending in the Washington Court of Appeals Division II. *Id.*

REPORT AND RECOMMENDATION - 1

Because it appears that Mr. Hawkins is still pursuing relief from the state courts, the undersigned ordered Mr. Hawkins to show cause why his petition should not be dismissed. ECF No. 9. Mr. Hawkins may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Mr. Hawkins timely responded to the Order stating that he understands now that he has not exhausted his state judicial remedies. ECF No. 10.

## CONCLUSION

The undersigned recommends that the petition (ECF No. 1) be **dismissed without prejudice** to the filing of a federal habeas petition after Mr. Hawkins has exhausted his state judicial remedies**.** An evidentiary hearing is unnecessary. The Court also recommends **DENYING** issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit

REPORT AND RECOMMENDATION - 2

imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 19, 2013**, as noted in the caption.

    **DATED** this  26th  day of March, 2013.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3